## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARLOS VELLON, JR. and ERIC BUNDY-JOHNSON,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**JUSTINA MOORE,** *et al.***,**<br><br>**Defendants.** | **Case No. 24–cv–10924–ESK–SAK**<br><br><br>**OPINION** |

**KIEL, U.S.D.J.**

 **THIS MATTER** comes before the Court on *pro se* plaintiffs Carlos Vellon, Jr., and Eric Bundy-Johnson's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) Because plaintiffs have been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. FACTS AND PROCEDURAL HISTORY

 The Complaint concerns plaintiffs' time in the Cumberland County Jail (Jail). (ECF No. 1 p. 8.) On November 4, 2024, defendant Sergeant Anderson brought a new detainee into the medical unit where plaintiffs were staying. (*Id.*) Plaintiffs objected because the new detainee had MRSA. (*Id.* pp. 8, 9.) Defendants told plaintiffs that the detainee had to be moved into the medical unit because the isolation cell was needed for a female detainee. (*Id.* p. 9.)

The officers threatened to move plaintiffs to general population and take away their medical devices if plaintiffs did not stop complaining.   (*Id.*)

## II.   LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.   28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.   *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).   "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"   *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."   *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).   Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"   *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).at 251).

## III.  DISCUSSION

Detainees may not be punished before adjudications of guilt.   *Hope v. Warden York County Prison*, 972 F.3d 310, 325 (3d Cir. 2020).   "The touchstone

for the constitutionality of detention is whether conditions of confinement are meant to punish or are 'but an incident of some other legitimate governmental purpose.'"  *Id.* at 326 (quoting *Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008) ("*Hubbard II*")).  The question turns on whether conditions are "'reasonably related to a legitimate governmental objective.'"  *Id.* (quoting *Hubbard II*, 538 F.3d at 236).   If detainees "are subject to conditions unrelated to a legitimate governmental objective," courts may "may infer that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon detainees *qua* detainees."  *Id.* (cleaned up).  Courts must "consider the totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time, and whether conditions are (1) rationally related to their legitimate purpose or (2) excessive in relation to that purpose."  *Id.* (citing *Hubbard v. Taylor*, 399 F.3d 150, 159–60 (3d Cir. 2005) ("*Hubbard I*")).   "[C]ourts must acknowledge that practical considerations of detention justify limitations on many privileges and rights."  *Id.* (internal quotation marks omitted).

Plaintiffs argue that defendants failed to protect them from the risk of contracting MRSA.   (ECF No. 1 p. 9.)   They do not allege that they contracted MRSA.   (*Id.*)   To prevail on this type of challenge, plaintiffs must provide enough facts for a reasonable inference that defendants acted with deliberate indifference.   *Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016).   A prison or jail does not need to eliminate all risk of contracting diseases to meet the constitutional standard.  *Hope*, 972 F.3d at 330. "Deliberate indifference requires significantly more than negligence."   *Id.* at 329.   "The context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference that 'shocks the conscience' for a substantive due process violation."   *Id.* at 330.

Plaintiffs allege that the detainee was transferred to the medical unit because the isolation cell was needed to house a female detainee. (ECF No. 1 p. 9.) The record therefore suggests that defendants made a housing decision based on the Jail's legitimate operational needs and was not punitive towards plaintiffs. "Just as [courts] afford leeway to prison medical officials in diagnosing and treating a detainee's physical and mental health, deference is due prison administrators here." *Hope*, 972 F.3d at 330. Placement in the medical unit was appropriate for a detainee with MRSA, as it permitted monitoring by trained medical personnel. Plaintiffs' concerns are understandable, but nothing in the Complaint plausibly indicates that their constitutional rights were violated by this housing decision.

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because plaintiffs may be able to allege facts that would cure the deficiencies identified above, I will grant plaintiffs 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court.

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiffs may submit a proposed

amended complaint within 45 days.   An appropriate Order accompanies this Opinion.


                            _/s/ Edward S. Kiel_
                            **EDWARD S. KIEL**
                            UNITED STATES DISTRICT JUDGE

Dated: August 27, 2025